UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-23549-GAYLES

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff XYZ Corporation's ("Plaintiff") response, [ECF No. 15], to the Court's Order to Show Cause, [ECF No. 14], as to whether the joinder of the 76 Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule "A" ("Defendants") is proper under Federal Rule of Civil Procedure 20. The Court has reviewed the response and the record and is otherwise fully advised. As set forth below, the Court finds that joinder is improper.

## BACKGROUND

On September 15, 2024, Plaintiff filed its Complaint against Defendants asserting claims for Trademark Infringement and Counterfeiting, in violation of 17 U.S.C. § 101, et seq. [ECF No. 1]. Plaintiff alleges that Defendants infringed on its rights through the use of "unauthorized copies of Plaintiff's copyrighted art within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule 'A' . . . . " [ECF No. 1 ¶ 3 (emphasis removed)]. On

March 10, 2025, the Court issued an Order to Show Cause directing Plaintiff to show why joinder of these 76 Defendants in one action is proper. [ECF No. 14].

In its response to the Order to Show Cause, Plaintiff contends that the "grouped Defendants are all engaged in the same systematic approach of redistributing infringing products that are identical to one another, by establishing an online account which is pegged to financial accounts that can be used to easily conceal assets and avoid liability for their actions. These online accounts of unknown makeup distribute nearly identical infringing goods that show the same or similar sources." [ECF No. 15 at 5]. Plaintiff argues that "evidence obtained frequently in these types of cases show that many of the seller IDs identified as Defendants in the initial pleading are often operated by the same person or persons" and provides examples. [ECF No. 15 at 6; *see* Decl. F Rubio]. Plaintiff argues joinder is proper given that "the defendants in the present case exhibit strikingly similar patterns—operating under different storefront names, utilizing nearly identical product listings, descriptions, and pricing, and what could be fictitious business details to obscure their true identity." [ECF No. 15 at 8]. In short, Plaintiff contends that Defendants engage in the same approach to infringing upon its rights and that, therefore, all 76 Defendants should be joined in one lawsuit.

## DISCUSSION

Federal Rule of Civil Procedure 20(a) permits joinder of defendants in the same action where the plaintiff's claims against the defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). The Eleventh Circuit has defined "transaction or occurrence" as "all logically related events entitling a person to institute a legal action against another . . . ." *Alexander v. Fulton Cnty., Ga.,* 207 F.3d 1303, 1323 (11th

Cir. 2000), overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (internal citations omitted). "The logical relationship standard is a loose one that permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Omega, SA v. Individuals, Bus. Entities, & Unincorporated 3 Associations Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023) (internal quotations omitted). However, simply having similar issues of liability, without more, is insufficient to warrant joinder. *Id.* "[T]he claims must also share operative facts." *Id.*

Pursuant to Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *Omega, SA*, 650 F. Supp. 3d at 1351 (quoting *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)).

The Court finds Plaintiff's request to permit suit and injunctive relief against these 76 Defendants in one action is improper. While there may be some common questions of law and fact as to the Defendants, the Complaint does not allege how each Defendant's acts of infringement "[arose] out of the same transaction, occurrence, or series of transactions or occurrences" of any other Defendant. Fed. R. Civ. P. 20(a)(2)(A). *See Omega, SA*, 650 F. Supp. 3d at 1352 ("One defendant's alleged . . . infringement does not necessarily arise out of the same transaction, occurrence, or series of transactions or occurrences as another's unrelated infringement of the same mark."); *Kay v. Individuals, Partnerships, & Unincorporated*, No. 23-22755-CIV, 2023 WL 6809762, at *2 (S.D. Fla. Oct. 16, 2023).[1]

---

[1] After the Court issued an Order to Show Cause as to the propriety of joinder in *Kay*, the plaintiff voluntarily dismissed all claims. *See Kay*, No. 23-22775 (S.D. Fla. Nov. 7, 2023).

Also, it does not appear that joinder of all 76 Defendants would promote judicial economy. Plaintiff argues that joining these Defendants will secure "a just, speedy, and inexpensive resolution of this action." [ECF No. 15 at 10]. The Court disagrees. Plaintiff will likely complicate this action and prejudice individual Defendants by relying on hundreds of documents evidencing separate, unrelated infringement by other Defendants. *Omega, SA*, 650 F. Supp. 3d. at 1353 (declining to join 108 defendants under Rule 20 and finding judicial economy undermined where the court must evaluate evidence against each defendant). "When the defendants are not affiliated with one another, there is no evidentiary overlap in proving liability for the alleged infringement. And one defendant's defenses do not depend on that of an unrelated codefendant." *Id.* at 1352 (internal quotation omitted). Each Defendant may have to "monitor filings and wade through evidence pertaining to dozens of potentially unrelated codefendants" so that Plaintiff avoids filing multiple actions and paying filing fees. *Id.* at 1353.

Therefore, the Court finds that joinder here is improper. *See Omega, SA*, 650 F. Supp. 3d at 1352; *Zuru v Individuals, Partnerships and Unincorporated Associations*, No. 22-CV-23504, 2023 WL 4014802, at *3 (S.D. Fla. Feb. 28, 2023).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. All Defendants, with the exception of Defendant Number 1 on the Schedule A, are SEVERED from this action; and

2. All claims against the severed Defendants are DISMISSED without prejudice for refiling in separate actions consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of April, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE